### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION


| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 1:22-cr-00238** |
| **Plaintiff,** | **JUDGE PAMELA A. BARKER** |
| **-vs-** | |
| **ZAYON JOHNSON,** | **ORDER** |
| **Defendant.** | |

A Violation Report was filed in this case on February 17, 2026.  The Court referred this matter to Magistrate Judge Reuben J. Sheperd to conduct appropriate proceedings and to file a report and recommendation. Magistrate Judge Sheperd reported that a supervised release violation hearing was held on February 27, 2026. The defendant admitted to the following violations:

1. **Unauthorized Use of Drugs**: On 10/20/2025, Mr. Johnson submitted a urine screen that was presumptively positive for marijuana. The results were confirmed by Abbott Laboratories on 10/25/2025 **(previously reported to the Court on 11/12/2025)**.

2. **Unauthorized Use of Drugs:** On 11/25/2025, Mr. Johnson submitted a urine screen that was presumptively positive for marijuana. The results were confirmed by Abbott Laboratories on 12/5/2025 **(previously reported to the Court on 12/09/2025).**

3. **New Law Violation**: On 12/15/2025, Mr. Johnson was cited for Operating a Vehicle without a Valid License, an unclassified misdemeanor, and Failure to Control, a minor misdemeanor, in Wadsworth Municipal Court under case number TRD2504105.

4. **Failure to Comply with Standard Condition #2**: On 02/11/2026, and on 02/16/2026, Mr. Johnson failed to report as required to his Probation Officer.

The magistrate judge conducted a hearing on February 27, 2026 during which Defendant admitted to the alleged conduct in Violations 1-4.  The magistrate judge filed a report and recommendation on February 27, 2026, in which the magistrate judge recommended that the Court accept Defendant's admissions and find and adjudge Defendant Johnson guilty of violating the terms of his supervised release.

A final supervised release violation hearing was conducted on March 16, 2026.  Defendant was present and represented by counsel, Edward R. LaRue. Assistant U.S. Attorney Scott C. Zarzycki was present on behalf of the United States of America, and Probation Officer Brandon Cruz was also present.

No objections were filed to the report and recommendation of the magistrate judge. Upon review, the Court adopts the report and recommendation of the magistrate judge and finds the defendant to be in violation of the terms and conditions of his supervised release as set forth in violation numbers 1, 2, 3 and 4 contained in the Violation Report.

IT IS ORDERED that the defendant's term of supervised release is revoked, and the defendant is committed to the custody of the Bureau of Prisons for a term of three (3) months, and the defendant is to receive credit for time served in relation to this matter.  Upon release from custody, the defendant is to be placed on supervised release for a period of twenty-four (24) months, with the same terms and conditions as previously imposed and with the following additional special conditions:

**Residential Reentry Center:** As a condition of supervised release, Mr. Johnson shall reside in a Residential Reentry Center for a period of six (6) months. While at the Residential Reentry Center, Mr. Johnson shall abide by the rules and regulations of the facility. Mr. Johnson

shall be permitted to leave the Residential Reentry Center for employment, education, treatment services, worship, medical, and probation appointments.

**Anger Management Treatment:** Defendant must participate in an anger management program approved by the probation office. Defendant must follow all program rules and successfully complete the program (provider, location, modality, duration, intensity, etc.).

**Obtain an updated Substance Abuse and Mental Health Assessment:** Defendant must complete an updated dual integrated assessment addressing substance abuse and mental health, and follow the rules and regulations of that service. The probation officer will supervise his participation in the program (provider, location, modality, duration, intensity, etc.).

Defendant remanded.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*

PAMELA A. BARKER

Date:  March 16, 2026 U. S. DISTRICT JUDGE